FILED
United States Court of Appeals
Tenth Circuit

June 18, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

FRANCISCO GRANADOS-FLORES,

       Defendant-Appellant.

No. 07-2196
(District of New Mexico)
(D.C. No. CR-07-1071 MCA )

**ORDER AND JUDGMENT**[*]

Before TACHA, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**ANDERSON**, Senior Circuit Judge.

On May 29, 2007, Francisco Granados-Flores (the defendant) was charged in a

Criminal Information filed in the United States District Court for the District of New

Mexico with having been found in Luna County, New Mexico, after having been

deported from the United States and while the order of the exclusion was in full force and

effect, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). Pursuant to the Criminal Justice

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
     The parties waived oral argument. After examining the briefs and appellate
record, this panel has determined unanimously that oral argument would not materially
assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.

Act, counsel was appointed to represent the defendant in the district court, and the same counsel represents the defendant on appeal in this Court. In the district court, the defendant, through counsel, filed a waiver of indictment and consented to appear before a United States Magistrate Judge. The defendant thereafter pled guilty pursuant to an Information wherein he waived many of his constitutional rights but preserved his right to appeal his sentence.

Pursuant to U.S.S.G. 2L1.2(a), the Pre-Sentence Report (PSR) set defendant's base offense level at 8 levels. The PSR then increased defendant's base offense level of 8 by 16 levels, i.e. to 24 levels, based on his prior conviction of a crime of violence, i.e., Indecency with a Child, in the District Court for Tarrant County, Texas. That level of 24 was then reduced by 3 levels for acceptance of responsibility, i.e. to 21 levels. Defendant's criminal history category was set at II. With an adjusted offense level of 21 and a criminal history category of II, the guideline range was imprisonment for 41 to 51 months.

The PSR, which was adopted without change by the sentencing judge, did not recommend any departure, be it upward or downward, from the guideline range. In that setting, the district court sentenced defendant to imprisonment for 41 months, the low end of the guideline range.

At the direction of the defendant, appointed counsel filed a timely notice of appeal, the defendant indicating to counsel that he "wished to challenge the length of his sentence."

In this Court, defendant's counsel has filed a so-called *Anders* brief, *Anders v. California,* 386 U.S. 738 (1967). In that brief, counsel states that the "sentence was imposed in accordance with the law."

A copy of the *Anders* brief was sent to the United States and a copy was also sent to the defendant. The defendant did not file any "response" to his counsel's *Anders* brief, and the United States indicated that, under the circumstances, it would not file any brief in response to counsel's *Anders* brief.

At sentencing, counsel for the defendant asked the district court to impose a sentence of 24 months, instead of a sentence within the guideline range of imprisonment which was 41 to 51 months. In so doing, counsel spoke as follows:

> Thank you, Your Honor. Your Honor, as I detailed in my sentencing memorandum, I'm asking the Court for some extraordinary relief. The guideline low-end range places my client at 41 months and the upper-end advisory guideline range will be 51 months. I'm asking the Court to adjudge a sentence of 24 months, and the basis for that is the sentence that was handed down by the State Court of Texas to the underlying charge.
>
> Remarkably, my client was placed on probation for the sentence that he received from the Texas authorities, and I think that's very telling or very instructive that the Texas authorities certainly didn't consider Mr. Granados too severe or a serious threat to the community, and that's why they gave him a prorated sentence. I'm asking the Court for a considerable sentence of 24 months. My client has been incarcerated for approximately eight months, and I think 24 months is a very severe sentence given his lack of criminal activity, obviously, besides the one conviction which yielded him a 16 level enhancement.

The defendant then spoke to the Court as follows:

Yes. Well, I do know that I made a mistake by returning to this country, and therefore, I apologize to this great nation. And I would like for you to have some consideration concerning my case. And I do not plan to come back to this nation, if you consider my case. And if I do come back here, I am willing to even sign a document if you grant me at least ten years without rights to have anything. (*Sic*)

The government opposed the request of defendant and his counsel to impose a sentence of 24 months.

In rejecting the request of defendant and his counsel to a sentence of 24 months, the district court spoke, *inter alia,* as follows:

As noted, I have adopted the findings of the Court, the factual recitation set forth in the pre-sentence report. I have considered the guidelines noting the advisory nature of the guidelines and have also considered the sentencing factors under 3553(a). Here the offense level is 21 and the criminal history category is two which establishes a guideline imprisonment range of 41 to 51 months. I note that this defendant reentered the United States after previously being deported following a conviction for a crime of violence.

As to information CR-07-1071, this defendant, Francisco Granados-Flores, is committed to the custody of the Bureau of Prisons for a term of 41 months. He is placed on supervised release for a term of two years. That term will be unsupervised. The mandatory conditions of supervised release and following special condition will apply, that he not reenter the United States without legal authorization. I will recommend that the Immigration and Customs Enforcement Agency begin removal proceedings during service of sentence. Based . . . [Vol. IV of the Record, page 7, line 1 missing] . . . impose a fine. I will require that he pay a special assessment in the amount of $100, that amount due immediately.

Finally, I do advise him within ten days of the entry of judgment in this case, he has the right to appeal the final sentence of this Court, and he has a right to apply for leave to appeal in forma pauperis if he's unable otherwise to pay the cost of an appeal.

There is nothing in the present record to suggest that the defendant's plea of guilty was in any respect unknowingly or involuntarily made. So, we assume the contrary, i.e., the plea was knowingly and voluntarily made. It is in that setting that counsel in his *Anders* brief states that the sentence of 41 months imprisonment was "in accordance with the law" and hence would not be a viable issue on appeal. We agree.

In *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006), we stated that "if, however, the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable. The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in 3553(a)." In the instant case, that presumption has not been rebutted. The fact that, in sentencing, the Texas court may have dealt lightly with the defendant does not belie the fact that defendant was convicted in the Texas court for Indecency with a Child, a crime of violence under Texas law. Such, in and of itself, does not rebut the presumption of reasonableness to a sentence within the guidelines.

Counsel's motion to withdraw is granted.

Judgment affirmed.

Entered for the Court


Robert H. McWilliams
Senior Circuit Judge